KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY MOLYNEUX;<br><br>Plaintiff,<br><br>vs.<br><br>WEST COAST SERVICING, INC. a foreign corporation.<br><br>Defendants. | Case No.:<br><br><br>**COMPLAINT** |

Plaintiff TIMOTHY MOLYNEUX (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, bring this complaint against Defendant, WEST COAST SERVICING, INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

- 1 -

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Las Vegas, Nevada.

## PARTIES

4. PLAINTIFF resides in Las Vegas, Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is a foreign corporation, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. PLAINTIFF obtained a second mortgage on his Las Vegas home.

11. He stopped making payments on the second loan in 2010.

12. On or before May 1 2018, PLAINTIFF approached attorneys, Peters & Associates, to assist him in dealing with the mortgage on his Las Vegas home.

13. On May 1, 2018, Peters & Associates notified DEFENDANT that they represented PLAINTIFF with regard to the mortgage.

14. Despite knowledge that PLAINTIFF is represented by counsel, DEFENDANT contacted him directly July of 2018, in an attempt to collect a debt.

15. On September 26, 2018, undersigned counsel contacted DEFENDANT and notified DEFENDANT that it had violated the FDCPA during collections and that she was representing PLAINTIFF with regards to the FDCPA claim.

16. Nevertheless, in October of 2018, DEFENDANT sent another request for payment directly to PLAINTIFF.

17. DEFENDANT sent PLAINTIFF another request for payment in November of 2018 a copy of which is attached hereto as **Exhibit 1**.

18. In this letter, DEFENDANT misrepresented that PLAINTIFF's last payment was February of 2017 and threatened to judicially foreclose on his property. *Id*.

19. DEFENDANT wrote "In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees & costs. You have the right to assert *in court* the non-existence of a default or any other defense to foreclosure." *Id*. (emphasis added).

20. However, PLAINTIFF's last payment was sometime in 2010.

21. Thus, DEFENDANT is time-barred from pursuing a judicial foreclosure.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FDPCA 15 U.S.C. § 1692a(2)

22. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23. A debt collector is prohibited from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

24. DEFENDANT was notified in May and September of 2018 that PLAINTIFF had retained counsel to deal with his second mortgage.

- 3 -

25. Nevertheless, DEFENDANT continued to contact him directly in an attempt to collect a debt in July, October and November of 2018.

26. As a result of DEFENDANT's FDCPA violations, PLAINTIFF is entitled to an award of statutory damages.

27. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e

28. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 27 inclusive, above.

29. Debt collectors are forbidden from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

30. Debt collectors must not falsely represent "the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).

31. Further, a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

32. In November of 2018, DEFENDANT misrepresented that PLAINTIFF's last date of payment was in February of 2017 when it was really in 2010.

33. Further, DEFENDANT misrepresented that it could judicially foreclose on the debt, when it only had 6 years from the date of default.

34. As a result of DEFENDANT's FDCPA violations, PLAINTIFF is entitled to an award of statutory damages.

35. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor

## DEMAND FOR JURY TRIAL

Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and that judgment be entered against DEFENDANT for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(3) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(4) For any and all other relief this Court may deem appropriate.

Dated this 28th day of February 2019.

Respectfully Submitted,
**GESUND & PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
5550 Painted Mirage Road
Suite 320
Las Vegas, NV 89149
Telephone: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*